IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRUCE WOOD, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LINDA SURDO-GALEF, et al., | : | No. 11-777 |
|     Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                         November 3, 2011

      Plaintiff Bruce Wood ("Wood"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, who proceeds *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. At this time, the Court will review the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the claims that accrued prior to August 31, 2009 as time-barred, the grievance claims, and all claims against Warden Perry Phelps ("Warden Phelps"), Deputy Warden Chris Kline ("Kline") Bureau of Prisons Bureau Chief Michael DeLoy ("DeLoy"),[1] and Director of Health Services James Welch ("Welch") as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Wood will be allowed to proceed with his medical needs claims against Defendants Dr. Linda Galef-Surdo ("Dr. Galef-Surdo"),[2] Ihouma Chuks ("Chuks"), and Correctional Medical Services, Inc. ("CMS").

---

      [1]DeLoy is misnamed as Meloy.

      [2]Dr. Galef-Surdo is misnamed as Surdo-Galef.

I.      BACKGROUND

Wood complains of numerous medical issues and alleges Defendants failed to provide him medical care. Wood has a knee condition and underwent surgery on an unknown date. Between July 20, 2009 through July 20, 2011, Dr. Galef-Surdo did not order appropriate medical tests, prescribe pain medication, physical therapy, or a cane to aid Wood in walking. In addition, Dr. Galef-Surdo did not treat Wood's rashes. She refused to refer Wood to an orthopedist or dermatologist. (D.I. 3, ¶ IV.1.) Between April 11, 2008 through July 20, 2011, Chuks, a nurse practitioner, refused to treat Wood's knee or his toe nail fungus despite his complaints. (*Id.* at ¶ IV.2.) Between February 3, 2006 through approximately July 2010, CMS failed to provide Wood physical therapy following knee surgery, failed to provide follow-up care with the surgeon, and failed to provide pain medication. In addition, CMS denied Wood's requests to see an orthopedist and for physical therapy, pain medication, and a cane. (*Id.* at ¶ IV.3.)

Wood wrote to Warden Phelps and Kline on October 27, 2010 regarding his medical complaints. He also wrote to Kline on August 6, 2010 complaining of his medical care. (*Id.* at ¶¶ IV. 4, 5.) Neither responded. In addition, DeLoy did not respond to Wood's foot grievances, and he denied Wood's grievances regarding orthopedic and dermatologic care. (*Id.* at ¶ IV.6.) On an unknown date, the ACLU wrote to Welch on behalf of Wood regarding the issue of Wood's inadequate medical care. No action was taken by Welch. (*Id.* at ¶ IV.7.)

Wood seeks injunctive relief as well as compensatory and punitive damages. (*Id.* at ¶ V.)

II.     STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a

defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Wood proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court

must grant Wood leave to amend his Complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Wood has a "plausible claim for relief."[3] *Id.* at 211. In other words, the Complaint must do more than allege Wood's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[3] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*,129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

## III. DISCUSSION

### A. Statute of Limitations

Section 1983 provides a private right of action to [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . ." 42 U.S.C. § 1983.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* Del. Code Ann. tit. 10, § 8119; *Johnson v. Cullen*, 925 F.Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (not published) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

5

Wood complains of acts occurring prior to August 31, 2009. For example, he complains of acts taken by: (1) Dr. Galef-Surdo between July 20, 2009 through July 20, 2011; (3) Chuks between April 11, 2009 through July 20, 2011; and (3) CMS between February 3, 2006 through July 2010. Wood did not file his Complaint until August 31, 2011.[4] Hence, it is evident from the face of the Complaint that all claims that accrued prior to August 31, 2009 are barred by the two year limitations period.

For the above reasons, the Court will dismiss the § 1983 claims that accrued prior to August 31, 2009 as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B.  Grievances**

Wood complains that DeLoy did not respond to a grievance and denied two others. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (not published). To the extent that Wood bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance

---

[4]The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." In *Houston v. Lack*, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings. *See Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998). Additionally, this district has extended the *Houston* mailbox rule to pro se § 1983 complaints. *Gibbs v. Decker*, 234 F.Supp. 2d 458, 463 (D. Del. 2002).

Here, Wood's complaint was signed on August 31, 2011, and the envelope it was mailed in is post-marked September 1, 2011. Therefore, the Complaint was delivered to prison authorities for mailing on either August 31, 2011 or September 1, 2011. Giving Wood the benefit, the Court concludes that the Complaint was filed on August 31, 2011, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

process." *Woods v. First Corr. Med., Inc.*, 2011 WL 3627393, at *2 (3d Cir. Aug. 18, 2011 (slip op.) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Wood is free to bring a civil rights claim in District Court. *Winn v. Department Of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (not published) (citing *Flick v. Alba*, 932 F.2d at 729).

Wood cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the claims against DeLoy as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**C.     Medical Needs**

Wood complains that Dr. Galef-Surdo, Chuks, and CMS denied him medical care. He complains that Warden Phelps, Kline, and Welch, all supervisory personnel, did not respond to his letters seeking adequate medical care.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-

05. However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). Allegations of medical malpractice are not sufficient to establish a constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d. Cir. 2004) (citations omitted).

Liberally construing the Complaint, as the Court must, Wood has alleged what appear to be non-frivolous and cognizable claims against Dr. Galef-Surdo, Chuks, and CMS. The claims against Warden Phelps, Kline, and Welch, however, are frivolous. Prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). The Third Circuit clarified that "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236. The allegations leave no doubt that Wood he was seen by medical care providers, despite his complaints that the treatment was inadequate. Hence, absent evidence to the contrary, Warden Phelps, Kline, and Welch were justified in believing that Wood

8

was receiving adequate medical care. The allegations against Warden Phelps, Kline, and Welch fail to rise to the level of a constitutional violation for deliberate indifference to a serious medical need and, therefore, must be dismissed.

For the above reasons, the Court will dismiss the claims against Warden Phelps, Kline, and Welch as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and will allow Wood to proceed against Dr. Galef-Surdo, Chuks and CMS.

## IV. REQUEST FOR COUNSEL

Wood requests counsel on the grounds that he is unable to afford counsel, the issues are complex, the allegations, if proven, clearly establish a constitutional violation, subpoenas will be necessary, he is under psychiatric care and takes psychotropic medications, the Attorney General of the State of Delaware has an unfair advantage due to his many years of practice, and he has unsuccessfully sought counsel. (D.I. 5.)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the Court finds that Wood's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

The Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case

9

will require testimony from expert witnesses. *Tabron v. Grace*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the Court is not persuaded that the request for counsel is warranted at this time. Wood appears to have the ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Therefore, the Court will deny without prejudice the request for counsel.

## V.     CONCLUSION

For the reasons set forth above, the Court will deny without prejudice the request for counsel (D.I. 5), will dismiss all claims that accrued prior to August 31, 2009, and the claims against Warden Phelps, Kline, DeLoy, and Welch as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will allow Wood to proceed against Dr. Galef-Surdo, Chuks, and CMS. An Order consistent with this Memorandum will be docketed separately.