IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRUCE WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-777-GMS |
| | ) |
| DR. LINDA GALEF-SURDO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Bruce Wood ("Wood"), who proceeds *pro se* and has been granted leave to proceed without prepayment of fees, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Wood is currently confined at the James T. Vaughn Correctional Center, Smyrna, Delaware. Before the court is the defendants' motion to dismiss and Wood's opposition thereto. (D.I. 22.) For the reasons that follow, the court will deny the motion.

## II. BACKGROUND

Wood raises medical needs claims against the defendants Dr. Linda Galef-Surdo ("Dr Galef-Surdo"), Ihouma Chuks ("Chuks"), and Correctional Medical Services, Inc. ("CMS"), now known as Corizon, Inc. Upon initial screening on November 3, 2011, the court dismissed all claims that accrued prior to August 31, 2009 as well as the remaining defendants.[1] (*See* D.I. 8, 9.)

---

[1] This case was originally assigned to the Honorable United States District Judge Berle M. Schiller.

## III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to Wood. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, although, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because Wood proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

## IV. DISCUSSION

The defendants move for dismissal on the grounds that any claim sounding in medical negligence must be dismissed for failure to file an affidavit of merit and the allegations are insufficient to state a claim for deliberate indifference.[2]

---

[2] Alternatively, the defendants ask the court to declare Wood's motion for default judgment as premature and moot. The court denied Wood's motion for entry of default on January 24, 2013. (*See* D.I. 16, 28.)

### A. Medical Negligence

The defendants move to dismiss any claims sounding in medical negligence. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853.

In his response, Wood indicates that he does not raise a medical negligence claim. Therefore, this portion of the defendants' motion to dismiss will be denied as moot.

### B. Deliberate Indifference

The defendants move for dismissal of the § 1983 medical needs claims on the grounds that the allegations are insufficient to state a claim for deliberate indifference. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

This court previously reviewed the allegations in the complaint and found that Wood stated cognizable and non-frivolous claims. Nothing has changed since the court's ruling. Wood adequately alleges medical needs claims against Dr Galef-Surdo, Chuks, and CMS. Therefore, the court will deny the motion to dismiss on the grounds that plaintiff's allegations are insufficient.

## V. CONCLUSION

For the above reasons, the court will deny the motion to dismiss. The court will enter a scheduling order.

An appropriate order will be issued.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_Feb 19_, 2013
Wilmington, Delaware