IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRUCE WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-777-GMS |
| | ) |
| DR. LINDA GALEF-SURDO, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

The plaintiff, Bruce Wood ("Wood"), is an inmate incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware. On July 16, 2014, the court granted the defendants' motion for summary judgment and entered judgment in favor of the defendants. (*See* D.I. 111, 112, 114.) On July 28, 2014, Wood filed a filed a motion to alter or amend judgment, construed by the court as a motion for reconsideration. (D.I. 115.) The defendants oppose the motion. (D.I. 118.) Wood has also filed a motion for an order to conduct deposition. (D.I. 120.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for

1

reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Here, Wood seeks to "clarify his knee claims so this court can alter or amend their decision for Defendants' Motion for Summary Judgment based solely on Plaintiff's knee claim." (D.I. 115, ¶ 3.) The relief Wood seeks is not available to him. The court has reviewed the pleadings and evidence of record and finds reconsideration is not appropriate. In addition, the court finds that Wood has failed to demonstrate any grounds for reconsideration. Accordingly, the court will deny the motion for reconsideration.

Finally, the court will deny as moot Wood's motion for an order to conduct deposition. (D.I. 120.) All issues have been resolved and judgment has been entered.

UNITED STATES DISTRICT JUDGE

Jan 26, 2015
Wilmington, Delaware

2